CHARLES A. PATTERSON, APPELLEE, V. GEORGE W. COX ET AL., APPELLANTS.

FILED MARCH 14, 1913.   No. 17,103.

Appeal: DECREE: MODIFICATION: AFFIRMANCE. On appeal from a judgment foreclosing a real estate mortgage, where the only substantial error found in the record is in the rate of interest which it is provided the decree shall bear from and after its rendition, it will be modified by correcting such error, and the decree, as thus modified, will be affirmed.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed as modified.*

*Lambe & Butler,* for appellants.

*W. S. Morlan* and *F. W. Byrd,* contra.

BARNES, J.

Action in the district court for Furnas county to foreclose a real estate mortgage given to secure the payment of certain promissory notes executed and delivered to the plaintiff by the defendants George W. Cox and his wife, Sarah E. Cox. The petition was in the usual form and set forth copies of the notes in question. Defendants filed a motion to require plaintiff to make his petition more definite and certain by attaching copies of the notes. The motion was overruled, and defendants filed an answer, which contained: First, a qualified denial; second, an allegation that the defendant Sarah E. Cox was a married woman; that she had had no transaction with the plaintiff in which she intended to bind her separate estate; third, that at the time the notes and mortgage were executed and delivered defendant George W. Cox was not indebted to plaintiff in any sum whatsoever, and that the mortgage was not acknowledged by defendants.

It was further alleged, in substance, that on and prior to the time when the mortgage in question was executed

defendant George W. Cox was indebted to the Arapahoe
State Bank; that the indebtedness to the bank had not
been released; that defendants were then, and are now,
residing upon and claiming the section of the land de-
scribed in the mortgage as their homestead.  It was also
alleged that the mortgage did not set forth the true terms
of the agreement between plaintiff and the defendants,
and there was a prayer for a reformation of the same.  It
was finally alleged that the true intention of the defend-
ants was not to alienate or incumber their homestead
rights, and the answer concluded with a prayer that the
petition be dismissed.  Plaintiff's reply admitted that the
defendants were husband and wife, and resided upon the
land in question, but denied each and every allegation
contained in the answer, except those specifically ad-
mitted.  A trial was had upon the issues thus joined,
which resulted in findings and a decree of foreclosure.
The defendants have appealed.

Appellants' first contention is that the court erred in
overruling their motion to make plaintiff's petition more
definite and certain, and it is argued that if the motion
had been sustained it would have appeared affirmatively
that there was a defect of parties; that the plaintiff had
no capacity to sue; and that the action was not prosecuted
in the name of the real party in interest.  As above stated,
the petition contained literal copies of the notes.  It ap-
pears also that the notes themselves were introduced in
evidence.  Under this state of facts, we are unable to see
how any prejudice could have resulted in overruling the
defendants' motion.

It is also contended that the action was not prosecuted
in the name of the real party in interest, and therefore
the court erred in rendering a judgment for the plaintiff.
The testimony, as contained in the record, shows, beyond
question, that the plaintiff was the real party in interest;
that he furnished the money to and for the use of the de-
fendants, which was the consideration for the notes and
mortgage in question.  Two witnesses testified positively

to those facts, and the defendants introduced no evidence to controvert this testimony.

It is also argued that the record shows that the mortgage was not acknowledged by the defendants. The only testimony offered to support that contention was the statement of the defendants that, when the notary took the acknowledgment, they were not asked if they signed the mortgage as their voluntary act and deed, and they were not required to hold up their hands at the time the acknowledgment was taken. On the other hand, the acknowledgment appears to be in due form, certified by the notary under her hand and seal, and there was other testimony by which it was shown that the acknowledgment was taken in the usual form, after the defendant George W. Cox had read the mortgage, and it had been read by one Samuel Patterson to the defendant Sarah E. Cox. No testimony was offered tending to show that the mortgage did not contain the real contract between the parties. As we view the testimony, it was entirely insufficient to overthrow the presumption of regularity in the execution and acknowledgment of the mortgage.

After a careful examination of the record, we are satisfied that the defendants failed to establish any of the so-called defenses exhibited by their answer. We are therefore of opinion that the decree in question was the only one which the court could lawfully have rendered, and the judgment of foreclosure should be affirmed. It appears, however, that through some mistake or clerical error the decree provides that it shall bear interest at the rate of 8 per cent. per annum from and after its rendition. We find that the rate of interest provided by the notes and mortgage in question was 7 per cent. per annum, and the decree should be, and it is hereby, modified accordingly, and the judgment of the district court, as thus modified, is

AFFIRMED.